```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

STEVE and MARY FISCHER,         )
                                )
            Plaintiffs,          )
                                )
        v.                       )     No. 4:04 CV 414 DDN
                                )
QUIKTRIP CORPORATION,            )
                                )
            Defendants.          )

## MEMORANDUM AND ORDER REGARDING COSTS

This action is before the court upon the objections (Doc. 29) of defendant Quiktrip Corporation to the post-judgment bill of costs of plaintiffs Steve and Mary Fischer.

Earlier this year plaintiffs accepted defendant's offer of judgment under Fed. R. Civ. P. 68. On February 1, 2005, the clerk of court entered judgment in favor of plaintiffs and against defendant for the agreed upon sum. (Doc. 25.) Because they are the prevailing parties and because the court did not order otherwise, plaintiffs are entitled to recover their costs of the action. See Fed. R. Civ. P. 54(d)(1).

Plaintiffs submitted an original bill of costs to which defendant filed objections. In response to defendant's objections, plaintiffs filed an amended bill of costs which eliminates certain claimed costs and states that the parties agree that items totaling $3,012.52, itemized on Exhibit B, are taxable. Further, the parties agree that the only costs in dispute are (a) $522 for a surveillance video recording and photographs of customers standing on gas pump islands at various stores of defendant in the St. Louis area; and (b) expert witness costs.

In the application of Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Barber v. Ruth, 7 F.3d 636, 644 (7th Cir. 1993); Koppinger v. Cullen Schultz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975); Romero v. United States, 865 F. Supp. 585, 594 (E.D. Mo. 1994). Only those items of costs authorized by § 1920 or other statute may be taxed by the court. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987). The court, however, has wide discretion in deciding whether to award the costs allowed by statute. Id.

**A.   Costs of Surveillance Photography and Investigator**

Plaintiffs brought this action upon claims that they were injured due to the allegedly defective design of the defendant's gas pump islands. Plaintiffs seek costs for a video recording and photographs of customers standing on gas pump islands at various Quiktrip stores in and around the St. Louis area. These costs also include the services of the individual who directed the photography, which expenses by their nature require separate consideration.

The costs of the photographic evidence, if at all, must be recoverable under 28 U.S.C. § 1920(4)("[f]ees for exemplification and copies of papers necessarily obtained for use in the case"). Section 1920(4) has been construed to include the costs of non-testimonial evidence that was necessarily obtained for use in the case. See generally, 10 Moore's Federal Practice § 54.103[3][d] n.71 (2004).

In Romero v. United States, 865 F. Supp. 585, plaintiff requested costs for "the production and courtroom presentation of the video exhibit which depicted "A Day in the Life of the [plaintiff]." Id. at 595. This court found that the "exhibit was an admissible method of displaying relevant information" and allowed the cost to be taxed. Id.

Plaintiffs contend that their surveillance videos and photographs were used in the mediation proceedings, were to be used at trial, and were expressly made to rebut defendant's claim that it was not foreseeable that customers would step on the gas pump islands. The court agrees that plaintiffs' video recording and photographic evidence were necessarily obtained for use in this action. An important issue in the case at bar was whether Quiktrip was negligent in its use and maintenance of certain gas pump islands. Plaintiffs sought to record customers' use of the gas pump islands and defendant's ability to foresee that usage, to prove defendant's knowledge that the pumps presented a dangerous condition.

Upon the record before it, the court finds that the surveillance photographic evidence was both relevant and reasonably necessary to the plaintiffs' case; it was not merely incidental to their case.

However, not all of the costs related to this evidence are recoverable. In Marquez v. M. Export Lines, 41 F.R.D. 386 (S.D.N.Y. 1967), the court allowed costs for motion picture film, development of the film, and exhibition of the film at trial. Id. The court disallowed costs for the investigator who conducted the surveillance of the plaintiff, stating that

-2-

> [t]he portion of the said sum which represents payments made by
> the defendant to an investigator for services in conducting a
> surveillance of the plaintiff . . . does not fall within any of
> the classifications of fees taxable as costs under title 28
> U.S.C.A. § 1920. Such payments stand on the same footing as
> those made to any other expert witness or for any other
> investigation conducted in preparation for trial.

Id. See also Romero v. City of Pomona, 883 F.2d 1418, 1427-28 (9th Cir. 1989).

Plaintiffs seek reimbursement for the subject costs on:

(a) Exhibit C: 7 hours time at $35.00 per hour for Matt Meinen and the camera man, plus $20.00 reimbursement for materials, totaling $265.00; and

(b) Exhibit D: (1) $3.00 for one roll of film; (2) $12.00 for film development; (3) $47.00 for fuel; and (4) $195.00 for 13 hours of time of Matt Meinen at $15.00 per hour, totaling $257.00.

(Doc. 30, Exs. C, D.)

At the hearing, the court learned that Matt Meinen observed the gas pump customers. The court finds that, in performing this activity, Mr. Meinen acted as an investigator. Generally, the services of an investigator are not taxable. See Romero v. City of Pomona, supra; 10 Charles Alan Wright et al., Federal Practice and Procedure § 2677, at 462 (1998) (taxation usually is denied for investigation charges). Upon the record before it, the court will deduct $300 as the investigative time of Mr. Meinen ($15 X 20 hours). See Doc. 30, Exs. C, D.

The expenditure of $47.00 for fuel appears related to Mr. Meinen's investigative services and is not a recoverable cost.

In conclusion, the court will award $175 as the costs of the surveillance evidence ($522-347).

**B. Cost for Expert Witness**

Plaintiffs also claim the costs associated with their expert witnesses, in the following amounts: Senne, Kelsey and Associates--$7,039.12; Professor Leroy Grossman--$1,200.00; Ron Igou--$500.00; and Joseph Welsch--$500.00. Plaintiffs argue that, while the scope of recoverable costs associated with expert witnesses is narrow, the reports of the aforementioned experts were critical to the underlying litigation.

The fees of expert witnesses are not recoverable as costs, except to

the extent of the fees of ordinary witnesses. The Supreme Court made clear in Crawford Fitting Co. that only the statutory witness fees, per diem, and transportation costs of witnesses are recoverable, absent statutory authority. 28 U.S.C. §§ 1920(3), 1821(b)[1]; see Crawford Fitting Co., 482 U.S. at 445; Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996); Wedemeier v. City of Ballwin, 931 F.2d 24, 26-27 (8th Cir. 1991). There is no statutory authority to tax the cost of a witness's report, other than the usual witness fee. Griffith v. Mt. Carmel Med. Ctr., 157 F.R.D. 499, 507 (D. Kan. 1994).

Accordingly, the costs requested for Ron Igou ($500.00) and Joseph Welsch ($500.00) are not taxable. Plaintiffs state that Prof. Grossman was deposed, in addition to filing his report. There is no indication from the bill of costs whether his deposition took more than one day, or whether he incurred recoverable transportation costs. Prof. Grossman's bill (Doc. 30, Ex. F) indicates that he maintains a mailing address in St. Louis; therefore, he is not entitled to a per diem fee. The court will award $40.00 for his appearance at deposition pursuant to 28 U.S.C. § 1821(b), but will not tax the remaining costs of $1,160.00. With regard to Senne, Kelsey and Associates, the court will award $315.00 for deposition preparation, in accordance with Fed. R. Civ. P. 26(b)(4)(C), and deny the remaining portion of its fee.[2] See Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1136 (E.D. Mo. 1998) ("Rule 26(b)(4)(C), Fed. R. Civ. P., is not subject to § 1821's limits.").

---

[1] "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b).

[2] "Unless manifest injustice would result, (I) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . . ." Fed. R. Civ. P. 26(b)(4)(C).

For these reasons,

**IT IS HEREBY ORDERED** that, to the extent set out above, the objections (Doc. 29) of the defendant to the costs claimed by plaintiffs are sustained in part and are otherwise denied. By the court's calculations, plaintiffs are entitled to $3,367.52 as taxable costs.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 9, 2005.